IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AKHVLEDIANI BIDZINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-535 (LMB/WBP) |
| | ) | |
| TODD M. LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Akhvlediani Bidzina ("Bidzina"), a native and citizen of Georgia, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I), the bond regulations codified at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II), and his due process rights (Count III).

Bidzina is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Bidzina has also sued Joseph Simon, the Director of the Washington Field Office of ICE's Enforcement and Removal Operations Division; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and the Department of Homeland Security (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Bidzina is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition

will be granted as to Count III, and the federal respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Bidzina has resided in the United States since 2021.  [Dkt. No. 1] at ¶ 45. He has been detained at the Farmville Detention Center, where he currently remains. Id. Following his arrest and transfer to the Farmville Detention Center, ICE issued a custody determination to continue Bidzina's detention without an opportunity to post bond or be released on conditions. Id. at ¶ 48.

Bidzina filed his Petition for Writ of Habeas Corpus on February 20, 2026.  [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1.  In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas action."  [Dkt. No. 4] at 1.

---

[1] Because the Court is granting relief on due process grounds, it need not address Bidzina's arguments based on the implementing bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and the Immigration and Nationality Act.  Additionally, Bidzina does not have a cognizable claim for attorney's fees under the Equal Access to Justice Act ("EAJA") because a habeas proceeding is not a "civil action" under the EAJA.  Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6 (E.D. Va. Sept. 29, 2025).

2

Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in Bidzina's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a).  As the federal respondents argued in their Ceba Cinta opposition— which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025).  According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings.  Id.  Therefore, they argue that because Bidzina has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2).  Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[2] is contrary to

---

[2] See Demirel v. Fed. Det. Ctr. Phila., 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here").  Although the Court is aware of the Fifth Circuit's decision reaching a contrary conclusion, Buenrostro-Mendez v. Bondi, 2026 WL 323330 (5th Cir. Feb. 6, 2026), that decision is not binding here, see CASA de Md., Inc. v. Trump, 971 F.3d 220, 260 (4th Cir. 2020).  Moreover, the Court is unpersuaded by the Fifth Circuit majority's rationale for many of the reasons cogently set forth in Judge Douglas's dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent.

3

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). The Court has previously addressed several of these points in Hasan v. Crawford, 800 F. Supp. 3d 641 (E.D. Va. 2025), and adopts the findings and conclusions in Hasan into this Order.

Bidzina has been present in the United States since 2021. [Dkt. No. 1] at ¶ 45. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Bidzina's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the country, legally or otherwise."). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Bidzina's continued detention is unlawful.

III.

For all these reasons, Bidzina's Petition, [Dkt. No. 1], is GRANTED, and it is hereby

4

ORDERED that Bidzina be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Bidzina must live at a fixed address which he must provide to the federal respondents[3]; and it is further

ORDERED that respondents provide Bidzina with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Bidzina on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Bidzina is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[4]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Bidzina has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Bidzina's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 27 day of February, 2026.

Alexandria, Virginia

_____ /s/
Leonie M. Brinkema
United States District Judge

---

[3] If petitioner opts to file a pleading in this civil action notifying the federal respondents of his fixed address, petitioner should file that pleading under seal.

[4] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 800 F. Supp. 3d at 661.